PER CURIAM
*882 In this consolidated appeal from a consolidated trial, defendant appeals two judgments of conviction, pursuant to a bench trial, for multiple sex offenses, including five counts of encouraging child sexual abuse in the second degree, ORS 163.686. He raises four assignments of error, two through counsel and two in a pro se supplemental brief. He contends that (1) the trial court plainly erred by requiring defendant to stand trial while shackled without making a record of the reasons justifying shackling; (2) the trial court erred in denying defendant's motion for judgment of acquittal on the five counts of encouraging child sexual abuse in the second degree in Case No. 16CR58643; (3) the trial court erred in admitting evidence of defendant's prior conviction without conducting adequate balancing under OEC 403 ; and (4) the 25-year mandatory sentence that the trial court imposed under ORS 137.690 is so disproportionate that it violates the prohibition on cruel and unusual punishment under the Eighth Amendment to the United States Constitution.
Defendant's plain-error claim regarding the shackling does not provide grounds for reversal because the record is insufficient to demonstrate that defendant was prejudiced by the shackles. See State v. Bowen , 340 Or. 487, 495-96, 135 P.3d 272 (2006) (court will not presume prejudice from shackling); State v. Bates , 203 Or. App. 245, 125 P.3d 42 (2005), rev. den. , 340 Or. 483, 135 P.3d 318 (2006) ; see also Larsen v. Nooth , 292 Or. App. 524, 425 P.3d 484 (2018). But see Larsen , 292 Or. App. at 525-37, 425 P.3d 484 (James, J., concurring) (calling for a reexamination of the proper framework for evaluating whether the shackling of a criminal *952 defendant comports with the state and federal constitutions, and suggesting that prejudice should be presumed in some circumstances).
Defendant's OEC 403 claim fails because the record demonstrates that the trial court's balancing satisfied the requirements of OEC 403.
With respect to his 25-year sentence under ORS 137.690, defendant has not demonstrated that it is cruel and unusual as applied to him specifically or generally. See, e.g. , *883 State v. Horseman , 294 Or. App. 398, 407 & n. 6, 432 P.3d 258 (2018) (rejecting similar challenge under similar circumstances).
Defendant is, however, entitled to relief on his second assignment of error. As the state concedes, the evidence presented at trial was legally insufficient to support a finding that he had committed the counts of encouraging child sexual abuse in the second degree alleged in Counts 9 through 13 of Case No. 16CR58643 within the applicable limitation periods. We therefore reverse the convictions on those counts.
In A165581, convictions on Counts 9 through 13 reversed; remanded for resentencing; otherwise affirmed. In A165582, affirmed.